FILED
CLERK, U.S. DISTRICT COURT
FEB 26 2014
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD BENNETT,<br><br>Plaintiff,<br><br>v.<br><br>PATRICIA A. KAMMERZELL, et al.,<br><br>Defendants. | NO. CV 14-1088-UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION |

The Court will summarily remand this unlawful detainer action to state court because it was improperly removed from the state court by defendant Patricia A. Kammerzell ("Defendant").

Specifically, on February 12, 2014, Defendant, having been sued in a routine unlawful detainer action in California state court, lodged a Notice of Removal ("Notice") of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. Further, the Court also issues this separate order remanding the action to the state court to prevent the action from remaining in jurisdictional limbo. Remand is necessary because Plaintiff could not have brought this action in federal court in the first place, and

Defendant does not competently allege facts supplying either diversity or federal-question jurisdiction. Therefore, Defendant's removal is improper. 28 U.S.C. § 1441(a); see *Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful detainer complaint recites that the amount in controversy does not exceed $10,000. Plaintiff's unlawful detainer action also fails to raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(b).

In addition, the Central District is not the proper district for removal of this action. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States *for the district and division embracing the place where such action is pending.*") (emphasis added). As this action was pending in San Diego Superior Court, were this removal proper, the action should have been removed to the Southern District of California.

The Court also takes judicial notice of *Chad Bennett v. Patricia A. Kammerzell, et al.*, Case No. 13-9277-ABC-CW ("*Kammerzell I*"), which was removed to this district on December 17, 2013. See *Headwaters Inc. v. United States Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of docket in another case). In *Kammerzell I*, Defendant lodged a similar notice of removal based on the same property and the same unlawful detainer complaint filed in San Diego County Superior Court. *Compare Kammerzell I*, Dkt. No. 1 at 3-4 *with* Notice, Attached. On December 30, 2013, the district court remanded the action to San Diego County Superior Court for lack of subject-matter jurisdiction. *Kammerzell I*, Dkt. No. 4.

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the San Diego Superior Court for lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1447(c); and (2) the Clerk send a certified copy of this Order to the state court.

DATED: 2/25/14

GEORGE H. KING
United States District Judge